IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALICIA REFT,<br><br>                              Plaintiff,<br>  vs.<br><br>OFFICE AND OFFICIAL CAPACITY OF DANI R. CROSBY,<br>                              Defendant. | Case No. 3:17-cv-00178-SLG |

## ORDER OF DISMISSAL

Alicia Reft, a self-represented plaintiff, filed an Original Complaint for Declaratory and Injunctive Relief on August 18, 2017.[1] On the same day, she paid the $400 filing fee, filed a Motion and Memorandum in Support of Declaratory and Injunctive Relief, and asked that a summons be issued.[2] The Court addresses these filings herein.

## STANDARD OF REVIEW

Federal law requires a court to dismiss a case if it determines at any time that it lacks subject-matter jurisdiction.[3] "Subject-matter jurisdiction can never be waived or forfeited."[4] A United States District Court is a court of limited, not general, jurisdiction, and a district court is obligated to consider on its own initiative whether it has subject

---

[1] Docket 1.

[2] Dockets 3 & 5.

[3] Federal Rule of Civil Procedure 12(h)(3).

[4] *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

matter jurisdiction.[5] This means this Court only has the authority to hear specific types of cases. "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[6] "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction."[7]

## ANALYSIS

Ms. Reft's case challenges decisions made by Alaska Superior Court Judge Dani R. Crosby in case number 3AN-14-10268CI, *Koniag Inc. v. Reft*.[8] Ms. Reft alleges that Judge Crosby erred by failing to recognize and give full faith and credit to a declaratory judgment issued by the Karluk Tribal Court in *Koniag Inc. v. Reft* on May 15, 2015 that purported to dismiss the state court case number 3AN-14-10268CI.[9]

As explained above, a United States District Court is a court of limited, not general, jurisdiction. It is not within a United States District Court's original jurisdiction to review the final determinations of a state court in judicial proceedings, even when the challenge

---

[5] *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute") (citations omitted)).

[6] *Peralta v. Hispanic Bus.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

[7] *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000)).

[8] *See* Dockets 1, 1-2, & 5.

[9] Docket 1 at 1; Docket 1-1 at 4–5.

to the state court decision involves federal constitutional issues.[10] 28 U.S.C. § 1257 provides that the proper court in which to obtain such review is the United States Supreme Court, but only after a final determination has been rendered by the highest court of the State in which a decision could be had—in this case, that would be the Alaska Supreme Court.

Additionally, it is well settled that judges have absolute immunity from any lawsuit seeking relief based upon the judge's judicial conduct. The doctrine of judicial immunity has long been upheld because:

> [i]t is essential in all courts that the judges who are appointed to administer the law should be permitted to administer it under the protection of the law, independently and freely, without favor and without fear. This provision of the law is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence, and without fear of consequences.[11]

Judicial immunity is immunity from lawsuit, not just from the ultimate assessment of damages.[12] And Congress has explicitly eliminated a district court's power to award injunctive relief against a state judicial officer for acts or omissions taken in the officer's official capacity.[13]

---

[10] *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986).

[11] *Pulliam v. Allen*, 466 U.S. 522, 532 (1984) (citations omitted).

[12] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

[13] *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").

Judicial immunity cannot be overcome by allegations of bad faith or malice.[14] Judicial immunity may be overcome in only two limited circumstances: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."[15] To determine if an action is judicial, courts focus on whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."[16]

Ms. Reft's lawsuit is focused solely on the decisions Judge Crosby made in her official capacity as a judge in case number 3AN-14-10268CI. Without question, such acts are judicial in both nature and function; and, while Ms. Reft may contest the Alaska Superior Court's jurisdiction, that challenge does not lead to the conclusion that Judge Crosby made judicial decisions in the complete absence of all jurisdiction. Accordingly, the substance of this lawsuit falls squarely within that which is absolutely protected by judicial immunity.

---

[14] *Mireles v. Waco,* 502 U.S. at 11 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

[15] *Harvey v. Waldron,* 210 F.3d 1008, 1012 (9th Cir. 2000) (citing *Mireles,* 502 U.S. at 11–12), *overruled in part on other grounds by Wallace v. Kato,* 549 U.S. 384, 393–94 (2007).

[16] *Ashelman v. Pope*, 793 F.2d 1072, 1075–76 (9th Cir. 1986) (citations omitted). "These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity." *Id.* at 1076 (citing *Adams v. McIlhany,* 764 F.2d 294, 297 (5th Cir. 1985), *cert. denied,* 474 U.S. 1101 (1986)).

For the foregoing reasons, this case will be dismissed. Although leave to file an amended complaint should ordinarily be granted in these circumstances, leave to amend in this case will not be granted since it would be futile.[17] Alleging facts consistent with the current pleading could not possibly overcome this Court's lack of subject matter jurisdiction and Judge Crosby's immunity.

**IT IS THEREFORE ORDERED**:

1. This case is **DISMISSED WITHOUT LEAVE TO AMEND**.

2. All outstanding motions are **DENIED AS MOOT**.

3. The Clerk of Court shall enter a final judgment.

DATED at Anchorage, Alaska, this 12th day of October, 2017.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[17] *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (citing *Schreiber Distrib. Co. v. Serv–Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (district court may deny plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency")).